**Jeffrey G. RUSS and Shannon C. Russ, Plaintiffs-Appellants,**

v.

**INTERNATIONAL PAPER COMPANY, Defendant-Appellee.**

**No. 90-1445.**

United States Court of Appeals, Fifth Circuit.

Oct. 7, 1991.

Rehearing and Rehearing En Banc Denied Nov. 13, 1991.

Philip E. Carby, Brown & Carby, Natchez, Miss., Leonard A. Radlauer, New Orleans, La., for plaintiffs-appellants.

William R. Lancaster, Varner, Parker, Sessums & Lancaster, Vicksburg, Miss., for defendant-appellee.

Before CLARK, Chief Judge, RONEY * and DUHÉ, Circuit Judges.

PER CURIAM:

In this diversity suit based on injuries suffered in a workplace accident, the district court granted summary judgment to the defendant International Paper Company (I.P.) on the ground that the plaintiffs had failed to produce evidence to substantiate the theory of causation they suggested in response to I.P.'s summary judgment motion. Plaintiffs appeal the district court's grant of summary judgment and denial of a motion to reconsider. We affirm.

I

On April 8, 1989, plaintiff Jeffrey Russ, an electrician's helper, was working at a mill owned by I.P. in Natchez, Mississippi. At the time, plaintiff was employed by B.M. Electric Company (B.M.), an independent contractor, retained by the defendant to perform installation work within the plant. While plaintiff was installing a portion of the new equipment in an electrical cabinet he was "injured by the electrical current" and suffered severe burns over most of his body.

Russ and his wife, citizens of Mississippi, brought suit against I.P., a New York corporation, on April 17, 1989, alleging that Russ had been injured as a result of defendant's negligence. The plaintiffs alleged that Russ's injuries had been caused by "a fireball which was created as a result of the negligence of the defendant, [I.P.]." I.P. moved for summary judgment arguing that it was not liable for Russ's injuries because it had warned both Russ and his employer about this dangerous condition. The district court granted summary judgment for the defendant.

II

Although Mississippi law controls the substantive aspects of this diversity case, *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), federal law controls the procedural aspects. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Phillips Oil Co. v. OKC Corp.,* 812 F.2d 265, 272 n. 12, *cert. denied,* 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987). In federal court, summary judgment is appropriate when, after a review of the record, the court determines that there are no genuine issues of material fact and the movant is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). When reviewing the pleadings, depositions, admissions, answers to interrogatories, and affidavits, the court must draw all reasonable inferences in favor of the non-moving party. *Randolph v. Laeisz,* 896 F.2d 964, 969 (5th Cir.1990) (citing *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986)).

In this case, the defendant's motion claimed that summary judgment was appropriate because of two distinct material facts asserted to be controlling and not challenged in the record. First, the defendant maintained that control over the area in which plaintiff was working had been surrendered to the subcontractor, plaintiff's employer, and thus defendant could not be held responsible for any injuries

* Senior Circuit Judge of the Eleventh Circuit, sitting by designation.

occurring while the area was under the control of another party. The district court concluded that there were genuine issues of material fact concerning the subcontractor's control of the area which would prevent the entry of summary judgment in defendant's favor on that ground.

Second, the defendant argued that it did not violate its duty to provide a reasonably safe place to work because it warned both plaintiff and his employer of the high voltage electric current present in that area. *Mississippi Chemical Corp. v. Rogers,* 368 So.2d 220, 222 (Miss.1979). In an effort to counter I.P.'s assertion that it had warned the plaintiff and provided a safe workplace, the plaintiffs' response to the motion for summary judgment asserted that the accident was caused by the combustion of airborne waste particles which had accumulated due to the negligence of I.P. In support of this industrial waste theory, the plaintiffs attached the affidavit of John Butters to their memorandum in opposition to summary judgment. The district court found the summary judgment proof showed that B.M. was warned of the high voltage present in the cabinet, that Russ was aware of this danger and that, under Mississippi law, I.P. had fulfilled its duty to a business invitee by providing a reasonably safe workplace and a warning of the dangerous electric current. In addition, it held that the affidavit offered to support the "industrial waste" theory did not meet the standards of FED.R.CIV.P. 56(e) and that plaintiffs had failed to produce any valid evidence to support the theory that his injuries were caused by anything other than the electrical current about which he had been warned.

III

On appeal the plaintiffs make several claims regarding the propriety of the district court's grant of summary judgment. Russ does not question the district court's construction of the substantive state law. Rather the plaintiffs argue that, under *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the district court impermissibly placed the burden of showing a material issue upon them. Plaintiffs argue that I.P. did not challenge the sufficiency of their evidence as to the cause of the accident in issue and thus the district court improperly granted summary judgment on that basis. The plaintiffs also argue that the district court erred in denying their motion to reconsider. The plaintiffs' proper construction of *Celotex* and *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), does not affect the district court's grant of summary judgment based on the record here. The denial of plaintiffs' motion to reconsider was not an abuse of discretion.

*Summary Judgment*

Both the district court and I.P. cite language from the Supreme Court's decision in *Celotex* and other cases suggesting that summary judgment is appropriate anytime a party fails to establish the existence of an element essential to his case and on which he will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *see also Washington v. Armstrong World Indus., Inc.,* 839 F.2d 1121, 1122 (5th Cir. 1988); *Brewster v. City of Dallas,* 703 F.Supp. 1260, 1263 (N.D.Tex.1988). This is incorrect. The language in *Celotex* which states that a plaintiff opposing a summary judgment motion must "make a showing sufficient to establish the existence of an element essential to [their] case, and on which [they] will bear the burden of proof at trial," is cited out of context. These words do not fix the burdens each party must carry on a motion for summary judgment. Simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case.

That this is a common misinterpretation of the Supreme Court decisions is amply demonstrated in the thorough opinion of Judge Cox, relying to some extent on 5th Circuit cases, in *Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991). The law of the Fifth Circuit and the Eleventh Circuit is identical in this regard.

*Celotex* makes clear that before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial.

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. The Court specifically approved its earlier decision in *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970), which stated that the party opposing a motion for summary judgment must respond only after the moving party meets its initial burden. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. This initial burden remains with the moving party even when the issue involved is one on which the non-movant will bear the burden of proof at trial. Contrary to the defendant's assertions, the Court in *Celotex* did not hold that any time a party with the burden of proof at trial is faced with a motion for summary judgment it must come forward with competent evidence to support its theory of liability, regardless of what showing the movant has made.

■ However, applying the proper construction of *Celotex* does not affect the district court's granted summary judgment on the record here. I.P. had the "burden of informing the court of the basis for its motion and identifying the pleadings and other record evidence which it believe[d] demonstrate[d] the absence of a genuine issue of material fact." *Howell Hydrocarbons, Inc. v. Adams,* 897 F.2d 183, 191 (5th Cir.1990). I.P. pointed to two issues it contended were established in the record, either of which would be considered dispositive under Mississippi law—B.M.'s control of the electrical cabinet where Russ was working and the warning I.P. gave B.M. "Once that [was] done, it [was] incumbent upon the non-moving part[ies] to go beyond the pleadings and by affidavits of [their] own, or by the 'depositions answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553). It was the plaintiffs' effort to go beyond the pleadings which the district court found insufficient.

■ The plaintiffs' response to the motion for summary judgment which first developed the industrial-waste combustion theory was made in an effort to show that I.P.'s warning was not dispositive. Had plaintiffs put forth any valid Rule 56(e) evidence of their theory, the warning that electrical current was present in the area would not have warranted summary judgment. The plaintiffs did not designate specific facts to support their theory and thus show there was a genuine issue for trial. The only proof they offered was the affidavit of a person named John Butters, P.E. which stated in ambiguous terms that Russ was "burned by an electrical discharge that resulted from surface contamination" which had accumulated in the cabinet in which Russ was working. The district court rejected this affidavit as insufficient because 1) it did not indicate any facts from which the district court could conclude that Butters was competent to testify as an expert, 2) the plaintiffs had failed to submit any authentical data on which Butters relied as required by FED.R.CIV.P. 56(e), and 3) because of the equivocal nature of the affidavit. The district court correctly concluded that Butters' affidavit was insufficient to support plaintiffs' theory.

Until the plaintiffs' response to I.P.'s summary judgment motion, this industrial waste theory was neither articulated or evident from the record. Their complaint states that Russ was "enveloped by a ball of fire" and in the pleadings, the plaintiffs referred to the accident as an "explosion." Russ's deposition stated that he was drilling holes in the electrical cabinet the day before the accident and that, on the day of the accident, he was attempting to attach a "flex line" to the cabinet when suddenly

everything turned bright orange. He had no idea how the fire occurred save what his lawyer told him. None of these unsupported statements that his injuries were not the result of mishandling of the electrical current Russ knew was present. They do not establish the industrial-waste combustion theory later articulated in response to the motion for summary judgment.

The plaintiffs argue that I.P. should have been on notice that such a theory of causation was in issue since plaintiffs had designated two experts to testify at trial. However, the plaintiffs' experts were not designated until two months after I.P. filed its motion for summary judgment, four days after plaintiffs filed their response, and only eleven days before the district court granted the motion. Even then, the persons named were not specified as expert on this theory of causation. In their brief to this court, the plaintiffs also point to the fact that Russ was seriously burned over a large portion of his body and point out that such injuries are indicative of an explosion rather than of electrical shock. Although the plaintiffs' response to the motion for summary judgment asserted Russ's burns demonstrated I.P.'s negligence, they never asserted that such burns were record proof of their industrial waste theory.

Under the facts properly developed in the summary judgment record, I.P. had no burden to show that causation was a material issue. The plaintiffs attempted to defeat I.P.'s specific assertions of the patently dispositive issue of warning by suggesting a theory of causation which was outside of that warning. The district court correctly evaluated the insufficiency of the evidence which plaintiff offered to support this counter theory.

*Motion to Reconsider*

The plaintiffs filed a motion to reconsider after the district court entered summary judgment. They attached to their motion the affidavit of George Hero which supports their industrial waste theory and was not subject to the insufficiencies of Butters' affidavit. The district court construed the motion to reconsider as a motion to alter or amend under FED. R.CIV.P. 59(e). The court concluded that the plaintiffs could not repair their deficient summary judgment proof under Rule 59(e) and that denying the motion was not manifestly unjust. Plaintiffs argue before us that the court should have granted the motion because of the "clear error" in its ruling and the resulting manifest injustice of the district court's decision. We disagree.

In *DeLong Corp. v. Raymond Int'l, Inc.*, 622 F.2d 1135 (3rd Cir.1980), the Third Circuit examined a similar claim. In that case, the plaintiff submitted no affidavits or summary judgment proof to counter the defendants' motion for summary judgment which was granted by the district court. The plaintiff moved to reconsider and submitted affidavits and other documents to support the motion. The district court denied the motion. On appeal the Third Circuit affirmed. The court reasoned that the unexcused failure to present evidence which is available at the time summary judgment is under consideration constituted a valid basis for denying a motion to reconsider.

In this case Hero was designated as an expert witness by the plaintiffs prior to entry of summary judgment. All the information on which his affidavit relies was obviously available to the plaintiffs prior to that time. The plaintiffs make no claim that Hero's affidavit was unavailable at a time when it should have been presented. The district court's conclusion that the plaintiffs should not be permitted to remedy their proof on summary judgment in this manner is not an abuse of its discretion.

The judgment appealed from is

AFFIRMED.

RONEY, Senior Circuit Judge, dissenting:

I respectfully dissent. While I agree with the exposition of summary judgment law in the Court's opinion, I think those standards were misapplied by the district court in this case.

Plaintiff asserts that the injuries he suffered were caused "by a ball of fire", the combustion of airborne waste particles which had accumulated due to negligent maintenance. The defendant moved for summary judgment on the ground that it warned both plaintiff and his employer of the high voltage electric current present in that area. *Mississippi Chemical Corp. v. Rogers,* 368 So.2d 220, 222 (Miss.1979). This warning would not insulate the defendant from liability if the high voltage warned of was not the sole cause of plaintiff's injuries. The defendant does not allege that it warned plaintiff of high voltage electricity *plus* a contaminated work place that would create a dangerous ball of fire.

The district court concluded that there was insufficient evidence to support the plaintiff's theory regarding the cause of the injury. But before the plaintiff was required to make any showing, the defendant was required to show there was no issue of fact that it *warned* the plaintiff of *cause* of the injury. Although plaintiff admits the warning, the defendant failed to point to a record that shows without question that plaintiff was injured by high voltage alone.

A review of the record reveals that the district court was in all likelihood correct in concluding that the plaintiff had failed to produce sufficient evidence to demonstrate that a ball of fire, rather than electric current, caused his injuries. In fact, the plaintiff virtually admits that the record is devoid of evidence demonstrating that the fire was caused by the combustion of airborne particles. But the defendant did not move for summary judgment on the ground that the plaintiff could not prove his alleged cause of injury, as was the case in *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The plaintiff correctly argues on appeal that he was never given adequate notice that causation was in issue. Thus, the burden never shifted to the plaintiff to support his theory. The plaintiff's response to the defendant's motion for summary judgment reflects this fact by addressing only the arguments advanced by the defendant and demonstrating to the court that even if true the defendant's arguments would not necessitate a judgment in defendant's favor.

Only in the defendant's reply to the plaintiff's response did the defendant suggest that the record did not contain evidence to support the plaintiff's view. "In his response to the Motion for Summary Judgment, Russ has wholly failed to make out a prima facie case of negligence against International Paper Company, and therefore, summary judgment for International Paper Company is proper." Raising this argument at this juncture suggests a misunderstanding of the proper placement of burdens in a summary judgment proceeding. The opposing party has no obligation to produce evidence concerning an argument that has not been raised. In *Celotex,* Justice White, who supplied the majority's fifth vote, noted in his concurring opinion that "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." *Celotex,* 477 U.S. at 328, 106 S.Ct. at 2555 (White, J., concurring); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221 (5th Cir. 1985) (conclusory statements of law or fact are not sufficient to shift summary judgment burden).

I would vacate the judgment and remand the case to the district court to apply the summary judgment principles set forth in this Court's opinion. If the defendant chooses to ground a motion for summary judgment on the cause of the injuries and can meet its burden of demonstrating the parts of the record which support that motion, then the plaintiff should be given the opportunity to rebut the case with a showing of triable issues of material fact.