**BUNGE EDIBLE OIL CORPORATION,**
Plaintiff–Appellant,

v.

**M/VS' TORM RASK AND FORT STEELE, and BARGE MMI–307, in rem, and A/S Dampskibsselskabet Torm, Canadian Pacific Steamships London, Canadian Pacific Bulk Ship Service, Ltd., Canadian Pacific (Bermuda) Ltd., and Canadian Pacific Ships, in personam, Defendants–Appellees.**

No. 91–3174.

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1992.

Donald J. Volpi, Jr., Francis A. Courtenay, Jr., David Shaw, Courtenay, Forstall,

---

Guilbault, Hunter & Fontana, New Orleans, La., for plaintiff-appellant.

James L. Schupp, Jr., Terriberry, Carroll & Yancey, New Orleans, La., for Dampskibsselskabet Torm.

James H. Roussel, Stephanie G. McShane, Phelps Dunbar, New Orleans, La., for Canadian Pacific Steamships.

Before CLARK, Chief Judge, WILLIAMS and BARKSDALE, Circuit Judges.

PER CURIAM:

## I.

Bunge Edible Oil Corporation appeals the district court's dismissal of its admiralty and maritime claims against M/Vs' Torm Rask and Fort Steele, *in rem*, and Canadian Pacific (Bermuda) Ltd., *in personam*, because Bunge brought suit more than one year after the delivery of the goods. We affirm.

## II.

Plaintiff Bunge Edible Oil Corporation (Bunge) contracted with Defendant Canadian Pacific (Bermuda) Ltd. (Canadian Pacific Bermuda) to ship palm oil from Pasir Gudang, Malaysia to the United States. The palm oil was loaded aboard the M/V TORM RASK for delivery to New Orleans or New York. The bill of lading bore the name of another Canadian Pacific entity, Canadian Pacific Steamships London. Defendant A/S Dampskibsselskabet Torm (Torm) owns the TORM RASK and chartered it to Canadian Pacific Bermuda.

Instead of proceeding directly to the United States, the TORM RASK went to Rotterdam and transferred the palm oil into a shoreside tank. The palm oil was then pumped into the M/V FORT STEELE, owned and operated by Canadian Pacific Bermuda. The FORT STEELE transport-ed the palm oil to Reserve, Louisiana where it discharged the oil into Barge MMI–307 on or about October 3, 1988.

Within a week of delivery, Bunge notified the Canadian Pacific entities [1] that the palm oil was damaged, most likely from moisture and heat, and therefore unacceptable.

The underwriters insuring the cargo paid Bunge the total loss of the cargo, less salvage value and turned the claims handling over to Transatlantic Marine Claims Agency (TMCA). Thereafter, TMCA attempted to work the matter out with the Canadian Pacific entities but the contacts were unsuccessful.

As the date of the one year statute of limitations under the Carriage of Goods by Sea Act, 46 U.S.C. App. § 1301 et seq. (COGSA) approached, TMCA asked the Canadian Pacific entities for an extension through and including January 1, 1990. Canadian Pacific Bermuda granted an extension for the TORM RASK (and arguably the FORT STEELE) "subject to owners granting similar." TMCA did not request a similar extension from Torm until after the one year period had expired and after Canadian Pacific Bermuda had notified TMCA that the one year period had expired, that the condition of the extension had not been met, and therefore the claim was time-barred. In December 1989, Torm granted an extension to TMCA, conditioned on Canadian Pacific Bermuda granting a similar extension. Canadian Pacific Bermuda refused to grant any further extensions or waivers. Bunge filed suit December 29, 1989, nearly two months after the expiration of the COGSA one-year limitation period.

The defendants filed a motion for summary judgment asserting that the COGSA one-year statute of limitations had expired. Bunge argued that defendants were not entitled to the defense of the one-year limitation because they had unreasonably deviated from the bill of lading. The district

---

1. This action involves several Canadian Pacific entities, including Canadian Pacific Bermuda. Bunge asserts that it was unaware of the differ-ence between the different entities when it first contacted them regarding damage to the cargo.

court held that an unreasonable deviation does not deprive a carrier of the one-year statute of limitations. 756 F.Supp. 261, 266 (E.D.La.1991). The court also found that Bunge failed to fulfill the conditions set forth in the extensions, therefore the one-year provision applied. *Id.* at 267. Last, the court found that Canadian Pacific Bermuda was a carrier under COGSA and entitled to the statute of limitations defense. *Id.* at 268. The court dismissed the actions against the two vessels, *in rem,* and the carrier Canadian Pacific Bermuda. *Id.* at 269. Bunge appeals.

### III.

■ This court reviews the issues presented on appeal from summary judgment *de novo. Trial v. Atchison, T. & S.F.R. Co.,* 896 F.2d 120, 122 (5th Cir.1990). To warrant summary judgment the evidence must show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Bunge argues that COGSA's one-year limitation period is inapplicable because Canadian Pacific committed an unreasonable deviation when it discharged the palm oil in Rotterdam and reloaded it upon another ship. Bunge concludes that an unreasonable deviation abrogates the contract of carriage and prohibits Canadian Pacific from asserting any defenses permitted under COGSA. Based on the reasoning set forth by the district court, we disagree. *Bunge Edible Oil,* 756 F.Supp. at 264–67. An unreasonable deviation does not prevent a carrier from invoking the one-year limitations period under COGSA. *Id. See also Francosteel Corp. v. N.V. Nederlandsch Amerikaansche, Stoomvart–Maatschappij,* 249 Cal.App.2d 880, 57 Cal. Rptr. 867 (1967), *cert. denied,* 389 U.S. 931, 88 S.Ct. 293, 19 L.Ed.2d 282 (1967).

### IV.

■ Bunge also appeals the district court's determination that the summary judgment record presented no genuine issue of material fact about Canadian Pacific Bermuda's status as a carrier. Bunge argues the facts are disputed and confusing as to which Canadian Pacific defendants are COGSA carriers and therefore summary judgment was inappropriate. We disagree.

The district court correctly stated that "Canadian Pacific admits that Canadian Pacific Bermuda entered into the contract of carriage with Bunge, and Bunge does not refute this fact." *Bunge Edible Oil,* 756 F.Supp. at 268. In his deposition, Mr. Stanley Marchant repeatedly states that Canadian Pacific Bermuda issued the bill of lading and was the charterer of the TORM RASK. Throughout their motion for summary judgment and statement of uncontested facts, the Canadian Pacific entities assert that Canadian Pacific Bermuda was the charterer of the TORM RASK.

Bunge's contention that a dispute of fact exists is based solely on the bill of lading which bore the name and logo of Canadian Pacific Steamships London. Marchant, however, adequately explained the reason for Canadian Pacific Bermuda's use of this bill of lading form and Bunge did not present any evidence to contradict this explanation.

Canadian Pacific Bermuda satisfied its obligation to show that there were not factual issues regarding Canadian Pacific Bermuda's status as a carrier. *See Russ v. International Paper Co.,* 943 F.2d 589, 591–92 (5th Cir.1991). Thereafter, Bunge failed to present any evidence contradicting the explanation offered by Canadian Pacific Bermuda. Rather, Bunge presented excerpts from Marchant's deposition which supported Canadian Pacific Bermuda's assertions that it was the charterer of the TORM RASK and a carrier of the palm oil within the terms of COGSA.

Bunge also argues that other Canadian Pacific entities may be the carrier because they negotiated the bill of lading or controlled the handling of the cargo. The district court did not determine whether any of these other entities were carriers under COGSA, it merely held there was no dispute as to the fact that Canadian Pacific Bermuda was a carrier. *See* 46 U.S.C.

App. § 1301(a) ("The term 'carrier' includes ... the charterer who enters into a contract of carriage with a shipper.").

### V.

The judgment of the district court is AFFIRMED.

