**Marina MORENO, Plaintiff,**

v.

**Patricia BARRERA, Individually and as Tax Assessor–Collector of Webb County, Texas; and Webb County, Texas, Defendants.**

**Civ. A. No. L–93–191.**

United States District Court, S.D. Texas, Laredo Division.

Aug. 19, 1994.

Sharon Trigo, Laredo, TX, for Marina Moreno.

Julio Garcia, Jose Homero Ramirez, Webb County Attys. Office, Laredo, TX, for Patricia Barrera.

Jose Homero Ramirez, Webb County Attys. Office, Laredo, TX, Murray Edward Malakoff, Harris County Deputy Sheriff's Union, Houston, TX, for Webb County, TX.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Defendant Patricia Barrera's (Barrera) unopposed motion to dismiss, or alternatively motion for summary judgment. Barrera is the current Webb County Tax Assessor–Collector (Assessor). At the time of Barrera's election, Plaintiff Marina Moreno (Moreno) was employed as a collection supervisor in Assessor's office and allegedly supported Barrera's opponent, the incumbent Assessor. Just prior to Barrera's taking office, Moreno received a request from Barrera for passwords to all computer systems; personnel files, including time & attendance; teller reports to the auditor; petty cash re-

ports; shortage and overage reports; and keys to safes, files, teller boxes and desks. This request was to enable Barrera "to better acquaint [herself] with the operations of the Tax Office" over the weekend prior to her first day in the office, January 4, 1993.

That Moreno did not comply with the request is undisputed. Barrera claims that Moreno's lack of cooperation delayed the opening of the office until the afternoon of January 4th and "did not serve the best interest of Webb County and its taxpayers." This was the basis for Moreno's termination according to Barrera's January 8th letter to Moreno.

Moreno filed this suit under 42 U.S.C. § 1983 and § 1985, alleging that Barrera terminated her in violation of her First Amendment rights because of her political support for Barrera's predecessor. Moreno also alleged that Barrera violated her due process rights because her termination was "contrary to the Webb County Personnel Policies and Procedures." Additionally, Moreno claims an Equal Protection violation, the basis of which is not apparent from the pleadings.

In response, Barrera filed the pending motion, alleging that: 1) Moreno has not plead facts which demonstrate an essential element of Moreno's First Amendment claim—that is, that her termination was politically motivated, 2) Moreno has no Due Process claim because there is no evidence of a written employment contract between Plaintiff and Defendant and 3) Moreno's suit against the Assessor's Office is barred under the Eleventh Amendment. Barrera attached her affidavit which stated, among other things, that Moreno's political beliefs were unknown to her and therefore played no part in the termination.

*DISCUSSION*

■ Barrera submitted matters outside the pleadings in support of her motion, and therefore, it will be treated as a motion for summary judgment under FED.R.CIV.P. 56. Summary judgment is proper only where the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* The movant is required to either produce competent evidence which supports

her position or else show that the non-movant has the ultimate burden of proof on the issue, has been specifically asked to produce evidence supporting her allegations, has had adequate time to do so, and yet has failed to do so. *See Russ v. International Paper Co.,* 943 F.2d 589 (5th Cir.1991) citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file," or any other competent evidence which support her right to summary judgment. *See* FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant has met the initial burden of identifying the basis for her motion, the non-movant must go beyond the pleadings to establish that there is a genuine issue for trial. *Russ,* 943 F.2d at 592, citing *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2553.

■ A political patronage dismissal requires a demonstration that the termination was politically motivated. *Correa v. Fischer,* 982 F.2d 931 (5th Cir.1993). Barrera submitted an affidavit stating that Moreno's political affiliations and beliefs were "unknown" to her and did not form "the basis or any part thereof, of the decision to terminate" Moreno. She also has documented an apparently reasonable, non-political reason for her decision. At that point, Moreno must go beyond the allegations in the pleadings and establish a genuine fact issue on this claim. She failed to do so by not responding to Barrera's motion, which was filed over six weeks ago. Accordingly, Defendant Barrera's motion for summary judgment is GRANTED with respect to the First Amendment issue.

■ A successful procedural due process claim requires a demonstration that Moreno had a property interest in her job. Barrera did not submit summary judgment evidence negating this particular element. Instead, she merely cites legal authorities for the proposition that a property interest in one's job must be based on state law and that employment for an indefinite period generally means the employee serves at-will. While that may be true, it is possible that public

employees might have a property right in their job based on provisions in an applicable personnel policy manual. *See Evans v. City of Dallas,* 861 F.2d 846, 849 (5th Cir.1988).

On the other hand, Moreno, by merely alleging that her termination was "contrary to the Webb County Personnel Policies and Procedures," does not explain the basis for her claimed property interest. Accordingly, Defendant Barrera's motion for summary judgment is DENIED without prejudice with respect to the due process issue. However, Plaintiff Moreno is DIRECTED to file an amended pleading stating, with particularity, the source of the property interest in her job (e.g. statute, contract or implied contract), and explaining the nature of the due process violation. The amended pleading shall be limited to the due process violation and must be filed on or before Tuesday, September 6, 1994. Failure to comply with this order shall result in a rule 12(b)(6) dismissal.