Carol F. LUTTJOHANN, Plaintiff,

v.

The GOODYEAR TIRE AND RUBBER COMPANY, Defendant.

No. 94–4102–RDR.

United States District Court, D. Kansas.

July 2, 1996.

Amy C. Bixler, Alan G. Warner, Warner, Bixler & Associates, L.L.C.; and Allen A. Ternent, Topeka, KS, for plaintiff.

William G. Haynes, Frieden, Haynes & Forbes, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This is an employment discrimination case alleging: hostile work environment based on sex; disparate treatment based on sex; and retaliatory discharge. This case is now before the court upon defendant's motion for reconsideration of the court's recent order denying defendant's motion for summary judgment.

Defendant's motion first lists "facts" related to plaintiff's hostile work environment claim. These are essentially the same factual contentions raised by defendant and considered by the court when the summary judgment motion was decided. The court finds no grounds within the motion for reconsideration for changing our decision regarding plaintiff's hostile work environment claim.

Next, defendant addresses plaintiff's disparate treatment claim. As set forth in the pretrial order, the disparate treatment claim has several parts: 1) that plaintiff was transferred without independent basis; 2) that plaintiff was more closely scrutinized than other area managers; 3) that plaintiff was not paid for days off; 4) that plaintiff was forced to use vacation time for days off; and 5) that plaintiff was required to report personally to her supervisor when she was to be off for any reason.

■ In the order denying defendant's summary judgment motion, the court noted: "[N]either side focuses its arguments and alleged uncontroverted facts on the specific items of alleged disparate treatment described in the pretrial order. Looking specifically at those items and the alleged uncontroverted facts, the court does not believe defendant has sustained its burden of showing that plaintiff cannot prove disparate treatment in these areas. This burden cannot be carried by the mere allegation that plaintiff's proof is lacking."

After again reviewing the lengthy list of uncontroverted facts supplied with defendant's summary judgment motion, the court believes this observation is accurate.

There is one "fact" (# 38) which relates to plaintiff's transfer from the "stock prep" business center to the earthmovers business center so someone else could observe her performance.[1] There are other "facts" which indicate that plaintiff's performance was criticized by her supervisors and that she was once assigned a person (Ken Jordan) to help her learn her responsibilities.

In the instant motion for reconsideration, defendant adds more "facts" which are the same or similar to those supplied in the original summary judgment motion. Defendant contends that these "facts" constitute evidence that plaintiff was transferred and closely supervised because of her poor job performance and not for a discriminatory reason. However, the "facts" offered only refer to one transfer and do not expressly state with regard to that transfer that it was done because of plaintiff's poor performance. Rather, it is alleged that the transfer was done so someone else would observe plaintiff's performance. In addition, it is not clear that plaintiff's "close supervision" claim involves or is confined to the assignment of Ken Jordan to work with plaintiff.

Finally, the court noted in the summary judgment order that there is a material issue of fact as to how well plaintiff was performing her job. Plaintiff has submitted some evidence that other male area managers performed at the same level or worse than plaintiff. Plaintiff's testimony is that she was singled out for criticism, close supervision and transfers. The defendant's reference to the assignment of Ken Jordan to plaintiff

---

1. This "fact" is reiterated in the affidavit of Steve Neely which was attached to defendant's *reply* brief on the summary judgment motion.

does not address plaintiff's contention that other males were not as closely supervised as plaintiff even if they were equal or worse performers.

■ In the motion for reconsideration defendant alleges, without reference to the record, that plaintiff's claim regarding use of vacation time and payment for days off contrasts her treatment with that of another *female* employee and, therefore, does not demonstrate sex discrimination. This may be true and, if so, the claim will not survive at trial. But, defendant did not establish this point in its list of uncontroverted facts and did not discuss it in the original summary judgment motion. Accordingly, the court shall not reconsider its ruling regarding this aspect of plaintiff's disparate treatment claim.

■ In general, defendant argues that the court misallocated the burden of proof in analyzing the summary judgment motion. We agree that at trial plaintiff will have the burden of proving her claims of discrimination and retaliation. We further agree that on summary judgment in response to a showing that plaintiff cannot satisfy the burden, plaintiff must establish that she could convince a reasonable jury that her claims are valid. What the court has tried to emphasize is that if the uncontroverted facts in a summary judgment motion do not show that plaintiff will fail to carry her burden of proof at trial, the court will not independently evaluate the summary judgment record upon the mere allegation that plaintiff's proof is lacking.

■ In the court's opinion, such an allegation is insufficient to sustain defendant's burden on summary judgment of establishing that plaintiff cannot prove her claims to a reasonable jury. In the case at bar, most of defendant's uncontroverted facts do not specifically address plaintiff's claims of disparate treatment. Most of defendant's arguments have focused upon the retaliatory discharge claim. As discussed in our previous order, we believe plaintiff has demonstrated a prima facie case of retaliatory discharge and has responded to defendant's showing of pretext with evidence establishing a material issue of

fact with regard to defendant's motivation for plaintiff's discharge. But, regarding the disparate treatment claims, upon the summary judgment motion and the motion for reconsideration, the court has before it little more than an allegation that plaintiff cannot prove her claims. This may be true, but it has not been established in the record before the court. Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment. See *Ashe v. Corley,* 992 F.2d 540, 544 (5th Cir.1993) ("a mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden" on summary judgment); *Russ v. International Paper Co.,* 943 F.2d 589, 592 (5th Cir.1991) ("the Court in *Celotex [Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265] [ (1986) ], did not hold that any time a party with the burden of proof at trial is faced with a motion for summary judgment it must come forward with competent evidence to support its theory of liability, regardless of what showing the movant has made.") *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991) ("Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial.").

For these reasons, the court shall not modify its ruling regarding plaintiff's disparate treatment claim.

Defendant's next argument on reconsideration addresses the court's rulings regarding the alleged release in this case and the defense and counterclaim which defendant base on the alleged release. On the summary judgment motion, the court held that material issues of fact existed which precluded judgment for the defendant either on the defense to plaintiff's Title VII claims or on defendant's state law counterclaim. As to the release defense, issues of fact precluded a finding on summary judgment that the release was knowing and voluntary. As to the counterclaim, issues of fact pertaining to economic duress precluded a finding on summary judgment that the release was valid.

■ Defendant argues that the factual record compels the court to rule as a matter of law that duress did not exist. Upon re-

flection, the court does not believe that economic duress will be a question in this case. The validity of the release will be determined by an examination of the totality of circumstances with an eye toward deciding whether the release was knowingly and voluntarily made. *Torrez v. Public Service Co.*, 908 F.2d 687, 689–90 (10th Cir.1990). If the release is invalid under this standard, then plaintiff did not violate the release by bringing this suit and defendant cannot recover upon its counterclaim. On the other hand, if the release was knowingly and voluntarily done, then plaintiff cannot recover upon her Title VII claim and defendant can recover upon its counterclaim. Factors relevant to economic duress are part of the totality of circumstances which must be examined. But, whether there was economic duress under Kansas law is not a critical issue in this case.

The court has reviewed the summary judgment pleadings another time. Viewing the record in a light favorable to the plaintiff, the court believes there are material issues of fact which preclude the court from finding that there was a knowing and voluntary release of plaintiff's rights under Title VII.

In the alternative, defendant asks the court to certify to the Kansas Supreme Court the question of whether economic duress could be a defense to the counterclaim in this case. The court does not believe it should certify the question to the Kansas Supreme Court primarily because issue of economic duress will be obviated by the decision on whether the release was knowing and voluntary.

Finally, the court acknowledges that we overlooked defendant's motion to strike plaintiff's memorandum in opposition to defendant's summary judgment motion (Doc. No. 38) when the court decided the summary judgment motion. Obviously, the court considered plaintiff's memorandum before deciding defendant's motion. The court does not believe plaintiff's memorandum seriously violated the local rules. On the contrary, the format of plaintiff's response to defendant's list of uncontroverted facts was helpful to the court. Therefore, the motion to strike is denied.

In conclusion, for the above-stated reasons, the motion for reconsideration and the motion to strike shall be denied.

**IT IS SO ORDERED.**