Valerio **HERNANDEZ**, Plaintiff,

and

**Home Indemnity Ins. Co.**, Intervenor,

v.

**STARR COUNTY HOSPITAL DISTRICT d/b/a Starr County Memorial Hospital**, Defendant.

Civil Action No. L–97–123.

United States District Court,
S.D. Texas,
Laredo Division.

Jan. 5, 1999.

Bryan Powers, Corpus Christi, TX, for Plaintiff.

Mark Alan Keene, Davis and Davis, Austin, TX, for Defendant.

Woodfin C. Henderson, Dallas, TX, for Intervenor–Plaintiff.

## MEMORANDUM AND ORDER

KAZEN, Chief Judge.

Pending before the Court is Defendant Starr County Hospital District's *Motion for Summary Judgment.* (Docket No. 19). Plaintiff [1] alleges that Defendant violated the Emergency Medical Treatment and Active

Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Defendant responds that summary judgment is proper because (1) Plaintiff never presented himself to Starr County Memorial Hospital as required by EMTALA, and (2) Plaintiff did not comply with the notice requirements of the Texas Tort Claims Act, thus barring him from pursuing an EMTALA claim. Because the Court finds merit in the first argument, it will not address whether a plaintiff must comply with state-law notice requirements in pursuing a federal claim.

### Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issue of fact as to every element of the case." *Russ v. International Paper Co.,* 943 F.2d 589, 591 (5th Cir.1991). The moving party's burden may be discharged by pointing out that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden, the opponent must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue of material fact. *Id.*

### Facts

The Plaintiff, employed by Trans Texas Gas Corporation, suffered a work-related in-

---

1. Home Indemnity Insurance Company, the workers' compensation insurer for Plaintiff's employer, intervened in this lawsuit, because it paid medical and employment benefits to Plaintiff Hernandez. Home Indemnity did not file a response to the Defendant's motion for summary judgment.

jury.[2] The Defendant's ambulance service responded to the call and found the Plaintiff unconscious. Plaintiff's employer instructed the ambulance personnel to transport the Plaintiff to Mission Hospital. At no time did anyone request that the Plaintiff be transported to Starr County Memorial Hospital, a hospital owned by the Defendant. Plaintiff, being unconscious, obviously made no request. Despite these facts, the Plaintiff alleges that Defendant violated EMTALA when its ambulance transported him to Mission Hospital instead of to Starr County Memorial Hospital.[3]

### EMTALA Analysis

■ Congress passed EMTALA, known as the "anti-dumping" statute, in response to concerns that hospitals were "dumping" patients who could not pay by either turning them away from emergency rooms or transferring them to other hospitals before stabilizing their emergency condition. *See Miller v. Medical Ctr.*, 22 F.3d 626, 628 (5th Cir. 1994) (citations omitted). EMTALA's purpose is to ensure that all patients, regardless of wealth or status, receive medical treatment in emergency situations. *See Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1134 (6th Cir.1990); *McIntyre v. Schick*, 795 F.Supp. 777, 779 (E.D.Va.1992). EMTALA requires a hospital to conduct appropriate medical screening examinations for any individual presented to its emergency department. *Miller*, 22 F.3d at 628. If an emergency condition exists, the hospital must either stabilize the patient or, in limited circumstances, transfer the patient. *See* 42 U.S.C. § 1395dd(c). EMTALA triggers these duties when an individual "comes to the emergency department and a request is made on the individual's behalf for examination or treatment..." *Id.* § 1395dd(a). These two requirements "are conjunctive requiring both that an individual 1) comes to

the emergency department and 2) that a request be made." *Miller*, 22 F.3d at 628.

■ Defendant argues that Plaintiff fails to meet EMTALA's first requirement because he never came to its emergency department as required under the statute. In contrast, the Plaintiff maintains that he did "come to the emergency department," because the ambulance within which he was transported is owned by the Defendant. In *Madison v. Jefferson Parish Hospital Service District*, No. 93–2938, 1995 WL 396316, at *2 (E.D.La.1995), a federal district court held that an individual "comes to the emergency department" as envisioned by EMTALA when he enters an ambulance operated by the defendant hospital. Although the plaintiff never actually entered the defendant hospital, the court reasoned that "comes to the emergency department" means "[t]he individual is on the hospital property (property includes ambulances owned and operated by the hospital, even if the ambulance is not on hospital grounds)..." *Id.* (citing 42 C.F.R. § 489.24 (1994)). As the defendant admitted that its ambulance responded to the call, *Madison* held that the plaintiff "came to the emergency department" as a matter of law. *Id.* This Court agrees with the *Madison* analysis. Federal regulations, as promulgated by the Department of Health and Human Services, define "comes to the emergency department," to include an individual in the hospital's ambulance. *See* 42 C.F.R. § 489.24 (1997). The Supreme Court "has often repeated the general proposition that considerable respect is due 'the interpretation given [a] statute by the officers or agency charged with its administration.'" *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 566, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980) (alteration in original) (citations omitted). Moreover, the

---

**2.** In stating the factual background, the Court applies the summary judgment standards that "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Also, factual controversies are to be resolved in favor of the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (per curiam).

**3.** The Plaintiff's position is that the estimated differential of six minutes' travel time between the two hospitals adversely affected his medical condition. The request that the Plaintiff be taken to Mission Hospital was apparently based on the requesting individual's belief that Starr County Memorial Hospital did not have a neurology department and, therefore, that taking the Plaintiff there would only delay treatment to his head injury.

intent of EMTALA is to prevent hospitals from dumping undesirable patients. That intent would be violated if ambulances owned by hospitals could circumvent EMTALA merely by transporting all undesirable patients directly to other hospitals. Thus, the Court holds that Plaintiff "came to the emergency department" when he entered the Defendant's ambulance.

■ Plaintiff fails to meet EMTALA's second requirement, however, because a request was not made by the Plaintiff or on his behalf. *See* 42 U.S.C. § 1395dd(a); *Miller*, 22 F.3d at 628. In *Madison*, the court held that a genuine issue of material fact existed, because it was unclear whether the plaintiff requested treatment at the defendant hospital. In the instant case, however, it is undisputed that the ambulance's emergency technicians were told by the Plaintiff's supervisor to transport him to Mission Hospital. The Plaintiff does not allege that any other request was made on his behalf. Nobody requested that the emergency technicians transport the Plaintiff to Starr County Memorial Hospital. Absent any other instructions, it was reasonable for the technicians to follow the instructions of the person in charge at the scene. While EMTALA intends to prevent hospitals from rejecting patients who seek emergency help, it is not designed to require a hospital's ambulance to bring a patient to that hospital despite a request that he be taken to a different hospital. Because the second EMTALA requirement fails as a matter of law, Starr County Hospital District's *Motion for Summary Judgment* (Docket No. 19) is GRANTED as to the EMTALA claim.