**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-10880
Summary Calendar
_____

DELORES COOK-ADAMS,

Plaintiff-Appellant,

versus

SOUTHWESTERN BELL TELEPHONE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(97-CV-1629-G)
_____

July 6, 1999

Before JOLLY, SMITH and WIENER, Circuit Judges.

Per Curiam[*]

In this appeal from the dismissal of her employment discrimination suit, asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, _et seq.,_ and 42 U.S.C. § 1981,[1]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Although Cook-Adams's claims are not entirely clear from the face of her complaint, the district court assumed, for purposes of summary judgment, that she had alleged not only claims of race discrimination under Title VII and § 1981 but also claims of age discrimination under the ADEA, disability discrimination under the ADA and intentional infliction of emotional distress under Texas law. As Cook-Adams has failed to advance on appeal any claim other than race discrimination, however, we deem any other claims abandoned. Koetting v. Thompson, 995 F.2d 37, 39 n.1 (5th Cir. 1993).

Plaintiff-Appellant Delores Cook-Adams asks us to reverse the district court's grant of summary judgment in favor of Defendant-Appellee Southwestern Bell Telephone Company ("SWBT"). Cook-Adams complains that the district court (1) abused its discretion by denying her motion to set aside the judgment to permit the filing and consideration of a delinquent response to SWBT's summary judgment motion and (2) erred in finding her summary judgment evidence insufficient to raise a genuine issue of material fact as to whether SWBT's proffered reason for firing her was in fact a pretext for racial discrimination.

As a threshold matter, we conclude that the district court did not abuse its discretion by denying Cook-Adams's motion to set aside the judgment. SWBT filed its motion for summary judgment on June 4, 1998. Cook-Adams's response was due 20 days later on June 24.[1] The court entered judgment in favor of SWBT on June 30 and, on July 1, Cook-Adams filed her motion to set aside that judgment to permit the consideration of her late-filed opposition brief. Seven days later on July 8, the district court denied Cook-Adams's motion concluding that an unexcused failure to present evidence that is available at the time of summary judgment provides a valid basis for denying a motion to alter or amend.[2] Cook-Adams makes no contention that the evidence on which she relies in her opposition

---

[1]N.D. TEX. LOC. R. 7.1(e)(providing that "[a] response and brief to an opposed motion must be filed within 20 days from the date the motion is filed.").

[2]Russ v. International Paper Co., 943 F.2d 589, 593 (5th Cir. 1991).

was unavailable at the time the district court entered summary judgment. Instead, Cook-Adams maintains that a clerical error in her attorney's office is to be blamed for her untimely response. Cook-Adams has cited no authority, however, for the proposition that the district court's refusal to excuse this error amounts to an abuse of discretion.[3] Consequently, we affirm the district court's denial of Cook-Adams's motion and decline her request to enlarge the summary judgment record to include her belated summary judgment opposition.

As to Cook-Adams's second assignment of error, we have carefully considered the Memorandum Opinion and Order of the district court in light of the facts revealed by the summary judgment record and the legal arguments set forth in counsels' appellate briefs. Our de novo review of the district court's grant of summary judgment dismissing Cook-Adams's race discrimination claims against SWBT leads us to the same conclusions as those reached by the district court and for essentially the same reasons. Cook-Adams has cited no evidence in support of her assertion that SWBT's decision to terminate her employment was motivated by race rather than poor attendance. As Cook-Adams's subjective belief that she was the recipient of discriminatory treatment is, by itself, insufficient to raise a genuine issue of material fact, we

_____

[3]Cook-Adams cites the Texas Lawyers' Creed in support of her contention that SWBT acted unprofessionally by opposing her motion to alter or amend the judgment. In addition, she argues that the district court was obliged to excuse her tardy response given that the court's own opinion contains a clerical error. We find neither of these arguments persuasive.

3

affirm the district court's grant of summary judgment in favor of SWBT.

AFFIRMED.