**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-11463

ALCAN ALUMINUM CORPORATION,

Plaintiff-Appellant,

VERSUS

BASF CORPORATION d/b/a DELAWARE NEW CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
97-CV-1480

September 30, 2002

Before DAVIS, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alcan filed this action against BASF to recover for losses occasioned from alleged defects in foam Alcan purchased from BASF. The district court granted summary judgment to BASF on grounds that BASF established that it provided a disclaimer of warranty to Alcan before the sale which effectively barred Alcan's action.

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Our review of the summary judgment record reveals that the district court did not err in reaching this conclusion. In support of its motion for summary judgment BASF provided an affidavit that under the circumstances of the sale in question, BASF would have, pursuant to its cumstomary practices, provided a document entitled "Terms and Conditions" which contained the disclaimer of warranty BASF relies upon in this case. In response to that motion for summary judgment, Alcan provided no evidence supporting its view that BASF failed to provide the document containing the disclaimer to it before the sale. The district court correctly concluded that BASF had produced sufficient evidence to establish, at least a prima facie case, that it had provided the disclaimer sheet. Accordingly, the district court entered summary judgment in favor of BASF on Alcan's breach of warranty claim.

Approximately seven months after the district court ruled on BASF's motion, Alcan filed a motion for reconsideration. In support of this motion, Alcan, for the first time attached an affidavit from its purchasing agent asserting that he had reviewed the file and found no document received from BASF containing a disclaimer of warranty. This same witness also stated in conclusory fashion that he at no time received the "Terms and Conditions" sheet containing the warranty disclaimer. Because Alcan provided no justification for the late filing of its summary judgment evidence, the district court denied the motion for reconsideration. The district court did not abuse its discretion

in refusing to consider this evidence filed months after the court's ruling without explanation or justification. <u>Russ v. International Paper Co.</u>, 943 F.2d 589, 593 (5th Cir. 1991).

Because the district court correctly determined that BASF established at least a prima facie case that it furnished the "Terms and Conditions" sheet which included the disclaimer of warranty, it correctly granted summary judgment in favor of BASF.

The district court's thorough memorandum opinion and order of January 30, 2001 adequately explains the court's dismissal of Alcan's remaining claims and for essentially the reasons stated by the district court, we agree that the remaining claims were properly dismissed.

AFFIRMED.