In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 01-60849
Summary Calendar

_____

MARY GREEN-VICTORY; J.W. WILEY; JAMES L. SPENCER;
ALFRED SMITH; AND ANDREW ROBINSON, JR.,

Plaintiffs-Appellants,

VERSUS

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF INTERIOR;
NATIONAL PARK SERVICE; AND GALE A. NORTON,[*] SECRETARY OF INTERIOR,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
m 5:99-CV-173-BrS

_____

December 27, 2002

---

[*] Because plaintiffs sued the Secretary of Interior in an official capacity, Gale A. Norton is automatically substituted for the previous Secretary. _See_ FED. R. APP. P. 43(c)(2).

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[**]

Mary Green-Victory, J.W. Wiley, James Spencer, Alfred Smith, and Andrew Robinson, Jr., appeal the dismissal of their employment discrimination suit against their employers, the United States, the Department of Interior ("Department"), and the National Park Service. Reviewing the dismissal *de novo*, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), and finding no error, we affirm.

Plaintiffs allege various kinds of racial discrimination or harassment in violation of title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court did not address the merits of these allegations, because it dismissed for want of subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). In particular, the court held that plaintiffs had not timely exhausted their administrative remedies.

A federal employee must satisfy certain administrative procedures before suing for employment discrimination in federal court. At the outset, he must consult with his agency's equal employment opportunity counselor in an effort to resolve his complaint informally. 29 C.F.R. § 1614.105(a). If that fails, he must file a formal complaint with his agency. 29 C.F.R. § 1614.106(a).

If the agency denies or dismisses the complaint, the employee may appeal to the Equal Employment Opportunity Commission ("EEOC"), 29 C.F.R. § 1614.401(a), or he may file suit in federal court within 90 days, 42 U.S.C. § 2000e-16(c). If he appeals to the EEOC, he may sue in federal court within 90 days of the EEOC's final decision or 180 days after filing the appeal with the EEOC if the EEOC has not acted. 42 U.S.C. § 2000e-16(c).

These administrative procedures are jurisdictional: "Failure to comply with [them] . . . wholly deprives the district court of jurisdiction over the case." *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990). The plaintiff bears the burden to prove essential jurisdictional facts. *Ramming*, 281 F.3d at 161. For instance, a federal employee must prove that he complied with these administrative procedures before the court may exercise jurisdiction over his suit.

The court properly dismissed the suit as to Spencer, Smith, and Robinson, because they failed to cooperate with the Department's investigation of their administrative complaint. The Department asked each to provide additional relevant information, but they never responded. The Department therefore dismissed their complaint. 29 C.F.R. § 1614.107(a)(7). "If the agency does not reach the merits of the complaint because the complainant fails to comply with the administrative procedures the Court should not reach the merits either." *Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997). By not cooperating with the Department, those three plaintiffs failed to exhaust their administrative remedies. *Id.* at 409.[1]

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Spencer, Smith, and Robinson argue for equitable tolling of limitations, because they claim they did not receive the letters notifying them of the Department's dismissal. Even if true, this fact (continued...)

The court properly dismissed the suit as to Green-Victory and Wiley, because they sued in federal court outside the limitations period of § 2000e-16(c). Both concede that their suit was untimely under the first option of § 2000e-16(c), i.e., the 90-day period after the Department dismissed. They contend, however, that their suit was timely under the second option of § 2000e-16(c), i.e., appealing from the Department to the EEOC and filing suit after the EEOC takes final action or 180 days after filing the appeal if the EEOC has not acted. Yet, the hefty record initially before the court contained no evidence of an appeal to the EEOC or a right-to-sue letter from the EEOC (which would have implied an earlier-filed appeal) beyond the assertions of Green-Victory and Wiley during their depositions.

Rather than dismiss the appeal, though, the court generously gave Green-Victory and Wiley fifteen days to submit additional documentary evidence of an appeal to the EEOC. They then submitted the letter notifying them of the Department's dismissal of their administrative complaint, which of course does not prove a perfected appeal to the EEOC.[2] The court therefore dismissed their suit as untimely.[3]

AFFIRMED.

---

(...continued)
does not justify their failure to respond to the Department's earlier requests for additional information. Moreover, they did not raise this argument in the district court, so we need not address it. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc).

[2] Green-Victory also submitted what appears to be an EEOC appeal form, but there was no proof that the form was filed.

[3] Within ten days after entry of judgment, (continued...)

---

(...continued)
Green-Victory and Wiley filed a motion to reconsider, which the court treated as a Rule 59(e) motion to amend the judgment. *See* FED. R. CIV. P. 59(e); *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000) (stating that a motion to reconsider is treated as a motion to amend judgment if filed within ten days of judgment). They attached to the motion their right-to-sue letters, which prove that they in fact appealed the Department's final action to the EEOC (though it does not prove a *timely* appeal). They argue that the court abused its discretion by denying the motion. Yet, they do not explain why this evidence was unavailable before judgment. This silence alone justifies the court's denial of the motion. *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991).

Furthermore, Green-Victory and Wiley admit that in the ten-day window after the entry of judgment "they contacted EEOC and had EEOC to [*sic*] send them a copy of the EEOC final decisions and right to sue." They just as easily could have contacted the EEOC in the fifteen-day window given them by the court to submit additional documentary evidence of their EEOC appeal. Thus, we conclude that the court did not abuse its discretion by denying the motion to amend judgment.