United States Court of Appeals,
Fifth Circuit.

No. 91-6299.

Billy Joe ASHE, et al., Plaintiffs-Appellants,

v.

Joe CORLEY, etc., Defendant,

Montgomery County, Texas, Defendant-Appellee.

June 4, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before JOHNSON, GARWOOD, and JONES, Circuit Judges.

JOHNSON, Circuit Judge:

The Appellants in this case are a number of plaintiffs who brought suit against two Texas counties and various members of their sheriff's departments alleging civil rights and RICO violations. Eventually all defendants were dismissed from the suit except Montgomery County. The district court granted summary judgment against the plaintiffs on all issues, and the plaintiffs now appeal. This Court affirms in part, reverses in part, and remands the case for further proceedings.

I. FACTS AND PROCEDURAL HISTORY

In December 1987, the plaintiffs—a group of Montgomery County jail inmates, former inmates, and family members—filed this lawsuit alleging violations of their civil rights under 42 U.S.C. § 1983 and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. Named as defendants in the original complaint were Montgomery County, Texas; Montgomery County Sheriff Joe Corley in his individual and official capacities; several deputies of the Montgomery County Sheriff's Department in their individual and official capacities; Harris County, Texas; and Harris County Sheriff Johnny Klevenhagen in his individual and official capacities. Harris County and all of the individual defendants were eventually dismissed by the

plaintiffs, leaving Montgomery County (the County) as the only defendant.[1]

According to the complaint, two of the plaintiffs had filed earlier lawsuits against the sheriff of Montgomery County, Joe Corley. All of the other plaintiffs were witnesses in one of those two lawsuits. The complaint alleged that Corley and other members of the sheriff's department engaged in a frightening pattern of physical violence and brutality against the plaintiffs in retaliation for bringing those earlier lawsuits. The complaint also alleged that the members of the sheriff's department pressured witnesses to give false testimony in order to manufacture criminal charges against several of the plaintiffs. The plaintiffs alleged that these acts were committed by members of the sheriff's department pursuant to Sheriff Corley's policy of encouraging deputies to use physical violence to punish uncooperative persons in their custody.

As the litigation progressed in the district court, the plaintiffs were allowed to file two amendments to their original complaint.[2] On June 23, 1989, the district court ordered the plaintiffs to amend their complaint for the third time in order to provide greater detail on their RICO claims. However, the plaintiffs filed their amended complaint after the ten day period required by FED.R.CIV.P. 12(e), and the district court refused to allow the plaintiffs' fourth amended complaint. In August of 1991, the County, the sole remaining defendant in the case, filed a motion for summary judgment. The plaintiffs responded—after a fashion—with a motion for leave to amend their complaint again and with affidavits from the individual plaintiffs and various witnesses.[3] The district

[1]Actually all of the defendants were dismissed except Montgomery County and Joe Corley in his official capacity. However, since a lawsuit against a county official in his official capacity is the equivalent of an action against the county, *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989), Montgomery County is the only remaining defendant.

[2]The plaintiffs filed their original complaint on December 16, 1987, followed by a first amended complaint on December 22. On February 8, 1988, the plaintiffs moved for leave to file a second amended complaint. That motion was later denied as moot. On March 15, 1988, the district court gave the plaintiffs until June 15 to amend their complaint again. On June 16, the plaintiffs filed for an extension of time, and the court gave them until August 15 to file the amended complaint. On August 16, 1988, the plaintiffs' third amended complaint was filed.

[3]Curiously, the plaintiffs' pleading, entitled "Response to Defendant Montgomery County's Motion for Summary Judgment on Plaintiffs' Third Amended Complaint" contains no real argument or response beyond an admission that the plaintiffs' third amended complaint is deficient in several respects. The response also contained an offer to cure these deficiencies with yet

court denied the motion for leave to amend and granted summary judgment on all issues in favor of Montgomery County.

## II. DISCUSSION

In this appeal, the plaintiffs raise two issues. First, they argue that the district court erred in refusing their fifth motion to amend their complaint. Second, they argue that the district court improperly granted summary judgment on their RICO claims and on their section 1983 claims. We consider each of these arguments in turn.

*A. Leave to Amend (Again)*

This Court reviews a district court's denial of leave to amend a complaint for abuse of discretion. *Whitaker v. City of Houston,* 963 F.2d 831, 836 (5th Cir.1992). The Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). However, leave to amend is "by no means automatic." *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. Unit A), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981). Instead, the decision to grant or deny leave is one left to the sound discretion of the trial court. In deciding whether leave should be granted, the district court can consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

In the instant case, the district court did not explain its reasons for denying the plaintiffs' motion. Such a failure is "unfortunate but not fatal to affirmance." *Rhodes v. Amarillo Hosp. Dist.,* 654 F.2d 1148, 1154 (5th Cir. Unit A Sept. 1981). Where reasons for denying leave to amend are "ample and obvious," the district court's failure to articulate specific reasons does not indicate an abuse of discretion. *Id.* Here, the plaintiffs were allowed to amend two times. A third amendment was ordered by the district court, but the plaintiffs failed to file it within the time allowed by FED.R.CIV.P. 12(e). The plaintiffs did not request leave to file the amended complaint at issue until

another amendment to the complaint.

September of 1991—nearly four years after the original complaint was filed. While delay alone may not be a sufficient reason to deny leave to amend, amendment should not be allowed where the proposed amendment would prejudice the opposing party. 6 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1488, at 659-62 (1990). By the plaintiffs' own admission, their proposed amendment would have added a new cause of action against Montgomery County[4]—less than one week before the trial was scheduled to start. Under the circumstances, we cannot say that the district court abused its discretion in denying the plaintiffs' leave to amend.

*B. Summary Judgment*

In this case, our review of the district court's judgment is severely hampered by the court's failure to give any reason for granting summary judgment or to set out findings and conclusions to support its ruling. The district court's order stated simply:

> Montgomery County is entitled to judgment as a matter of law if the non-moving party, Billy Joe Ashe, et al., fails to make a sufficient showing on an essential element of their case with respect to which they have the burden of proof. The non-movant may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Although Billy Joe Ashe and the other plaintiffs ultimately filed a response to Montgomery County's motion, the response was not supported by any summary judgment evidence. Therefore, plaintiffs have failed to raise a genuine issue as to any material fact upon which they would bear the burden of proof at trial.

Record Vol. 1 at 1093-94 (citations and quotation marks omitted).

Although this statement provides little insight into the district court's reasons for granting summary judgment, it does seem to indicate that the district court felt that the plaintiffs were under an *initial* burden to come forward with summary judgment evidence demonstrating a material issue of fact as to every element of their case. If so, the district court was incorrect.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." However, even when the non-movant bears the burden

---

[4]The plaintiffs' motion for leave to amend stated, "The proposed fifth amended complaint sets out a new cause of action for Plaintiff Vernon Cowan, Sr."

of proof at trial, "[s]imply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case." *Russ v. International Paper Co.,* 943 F.2d 589, 591 (5th Cir.1991). It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 328, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (White, J., concurring). "[B]efore the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Russ,* 943 F.2d at 592; *Commander v. BASF Wyandotte Corp.,* 978 F.2d 924, 927 n. 4 (5th Cir.1992) ("Before the non-moving party is required to produce evidence in opposition to a motion for summary judgment, the moving party in a motion for summary judgment must demonstrate that there are no factual issues warranting trial."); *see Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608-09 (11th Cir.1991) (vacating order granting summary judgment and remanding for determination of whether movant met its initial burden under Rule 56).

From the Record, it is apparent that Montgomery County totally failed to satisfy the movant's burden as set out in *Celotex* and *Russ.* The County's motion for summary judgment failed to point out an absence of proof on any factual issue. In fact, the motion failed to raise any factual issues at all, other than in the most conclusory terms. And a mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. The County's motion was more akin to a 12(b)(6) motion in that it raised legal issues and challenged only the sufficiency of the plaintiffs' complaint. As a result, the burden never shifted to the plaintiffs to go beyond the pleadings to show specific facts creating a genuine issue for trial.[5] It therefore would have been error for the district court to grant summary judgment for the County solely because the plaintiffs did not come forward with any additional summary judgment evidence.

---

[5]It should be noted, however, that the plaintiffs truly walked the razor's edge with their response to the County's motion. Had the County pointed to an absence of fact on *any* essential element of either of the plaintiffs' claims, the plaintiffs' response would have been completely inadequate to prevent summary judgment.

That does not mean, however, that summary judgment could not be granted based on the motion filed by the County. Because the County's motion for summary judgment only challenged the sufficiency of the plaintiffs' pleadings, the motion should have been evaluated much the same as a 12(b)(6) motion to dismiss. *Whalen v. Carter,* 954 F.2d 1087, 1098 (5th Cir.1992). Where a motion for summary judgment is based solely on the pleadings and makes no reference to affidavits, depositions, or interrogatories, it makes no difference whether the motion is evaluated under Rule 56 or Rule 12(b)(6) because both standards "reduce to the same question." *United States ex rel. Simmons v. Zibilich,* 542 F.2d 259, 260 n. 3 (5th Cir.1976); *United States v. Shadletsky,* 491 F.2d 677, 678 n. 2 (5th Cir.1974). The County's motion could still have been properly granted if, accepting all alleged facts as true, the plaintiffs' complaint nonetheless failed to state a claim.

For the plaintiffs' RICO claims, that appears to be the case. Although it is somewhat unclear from their complaint, during oral argument the plaintiffs explained that in their RICO claims they were alleging violations of 18 U.S.C. § 1962(c) and (d).[6] A viable claim under section 1962(c) requires proof of "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted). Both in their complaint and during oral argument, the plaintiffs alleged that the "enterprise" involved in this case was the Montgomery County Sheriff's Department. Yet the Montgomery County Sheriff's Department and Montgomery County are one and the same. It is well established that under section 1962(c) the RICO defendant must be a *separate and distinct* entity from the enterprise. *In re Burzynski,* 989 F.2d 733, 743 (5th Cir.1993); *Parker & Parsley Petroleum Co. v.*

---

[6]The pertinent sections of RICO provide:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. § 1962(c), (d).

*Dresser Indus.,* 972 F.2d 580, 583 (5th Cir.1992). A defendant simply cannot employ or associate with itself. The same would be true for the plaintiffs' section 1962(d) claim since that claim would depend upon proof that Montgomery County conspired to violate section 1962(c). Just as Montgomery County cannot employ or associate with itself, it cannot conspire to employ or associate with itself. On this ground alone, it is clear that summary judgment was appropriate for the plaintiffs' RICO claims.

For the plaintiffs' section 1983 claims, however, there is no discernable reason for the district court's decision to grant summary judgment. In its motion for summary judgment, the County's only tenable argument was that it was entitled to judgment on the plaintiffs' section 1983 claims because the plaintiffs' complaint failed to comply with the "heightened pleading standard" introduced in *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.1985).[7] According to the County, the plaintiffs "failed to plead any specific facts that would tend to prove that a Montgomery County policy or custom was the proximate cause of an alleged deprivation of a constitutional right." Record Vol. 3 at 583.

Until recently, the County's argument would have been well taken. At the time of the district court's judgment, this Circuit applied a more stringent standard to a section 1983 complaint against a municipality and required such complaints to state the basis for the claim with "factual detail and particularity." *Elliott,* 751 F.2d at 1473. Whether the plaintiffs' complaint should have been dismissed under this more stringent standard is now immaterial because the Supreme Court has

---

[7]The other arguments raised in the County's motion for summary judgment may be disposed of quickly. First, the County argued that many of the violations complained of by the plaintiffs were barred by the statute of limitations. Whatever the substantive merits of that argument, the County waived the defense of statute of limitations by failing to plead it as an affirmative defense as required by FED.R.CIV.P. 8(c). Next, the County argued that the plaintiffs had failed to allege any method of overcoming the qualified immunity of the individual members of the sheriff's department. Of course, the qualified immunity of the officers is immaterial when plaintiffs are proceeding in an official-capacity action. *Kentucky v. Graham,* 473 U.S. 159, 166-67, 105 S.Ct. 3099, 3105-06, 87 L.Ed.2d 114 (1985). Finally, the County argued that because certain alleged wrongdoers had not been named as defendants, any civil rights violations attributable to those wrongdoers must be dismissed. That argument is completely spurious. The plaintiffs are suing Montgomery County because of its alleged policy of allowing and encouraging acts of brutality against persons in custody. The plaintiffs seek to prove that policy by showing a persistent, widespread pattern and history of abuse. *See Webster v. City of Houston,* 735 F.2d 838, 842 (5th Cir.1984) (en banc). It is immaterial that all of the individual wrongdoers are not named as defendants.

rejected a heightened pleading requirement for section 1983 suits against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* --- U.S. ----, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). The Supreme Court emphasized that, under the notice pleading system set up by the federal rules, a section 1983 complaint against a municipality need only include a short plain statement of the claim showing that the pleader is entitled to relief. *Id.* at ----, 113 S.Ct. at 1162. The plaintiffs' complaint clearly meets this standard.

## III. CONCLUSION

For the reasons stated, we hold that the district court did not abuse its discretion in denying the plaintiffs' motion to amend their complaint. The district court's order granting summary judgment on the plaintiffs' RICO claims is also AFFIRMED. However, we REVERSE that portion of the order granting summary judgment on the plaintiffs' section 1983 claims and REMAND the case for further proceedings consistent with this opinion.