IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40003
Summary Calendar

_____

ERIC ANTONIO HOWARD

Plaintiff-Appellant,

v.

CHARLES C. BAILEY, ET AL.

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas
(2:93 CV 99)

---

August 16, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Howard, proceeding *pro se* and *in forma pauperis*, brought suit under 18 U.S.C. § 1983 against Lt. Kenneth Sparks, Officer Jim Bayuk, Titus County District Attorney Charles C. Bailey, and Linda Hammond. Howard alleged that the four defendants committed certain unlawful acts which culminated in the revocation of his parole. The district court granted summary judgment with regard

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

1

to each of the defendants, and Howard now appeals.  We affirm in part and reverse and remand in part.


## I. BACKGROUND

In March 1992, Lt. Sparks arrested Howard for burglary of a habitation.  District Attorney Bailey sent a letter to Howard's parole officer, Hammond, informing her of Howard's arrest.  Hammond began parole revocation proceedings soon thereafter.  Bailey's letter to Hammond stated that the alleged victim of the burglary was an elderly woman.  In fact, Beulah Neal, the complainant and alleged victim, was a young woman.[1]

While Howard was still in jail on the burglary charges, Officer Bayuk charged him with unlawful delivery of cocaine as the result of an undercover investigation which Bayuk had conducted.  Although the State later withdrew the burglary charge and a jury acquitted Howard of the drug charge, the parole board found by a preponderance of the evidence that Howard had burglarized the dwelling.  Consequently, the parole board revoked Howard's parole.

After Howard filed his initial complaint, the magistrate judge conducted a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and allowed Howard to proceed *in forma*

---

[1]  Howard contends that the alleged victim's age was a decisive factor in the revocation of his parole.  Additionally, Howard contends that the error in the district attorney's letter is evidence of his claim of malicious prosecution.

2

*pauperis*.  Each of the defendants subsequently filed a motion for summary judgment.  The magistrate judge then recommended that the defendants' motions be granted on the ground that Howard's claims were premature under Heck v. Humphrey, 114 S. Ct. 2364 (1994).  After receiving a copy of the magistrate judge's report, Howard filed written objections.  Nevertheless, the district court found Howard's objections untimely and dismissed the suit without prejudice.  The district court held that Howard's claims under § 1983 were premature because he was leveling a civil attack on the legality of his incarceration without first having had that incarceration invalidated.

On appeal, Howard contends that his civil rights claim under § 1983 accrued at the time the burglary and drug charges against him were invalidated.  Because of this, Howard alleges, the four defendants are not free from liability under §  1983 and the district court erred in granting summary judgment on his claims.  As we construe Howard's complaint, he claims that: (1) Lt. Sparks and Officer Bayuk are liable for false arrest and false imprisonment; (2) District Attorney Bailey is liable for false arrest, false imprisonment, and malicious prosecution; and (3) Hammond is liable for false imprisonment and malicious prosecution.  Howard also attacks the district court's refusal to allow him to amend his complaint and its finding that Howard's objections to the magistrate judge's recommendation were untimely.  Finally, Howard asserts that the magistrate judge and district court were biased against him.

## II. STANDARD OF REVIEW

We review the granting of summary judgment de novo, applying the same criteria used by the district court in the first instance. Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994); Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). First, we consult the applicable law to ascertain the material factual issues. King v. Chide, 974 F.2d 653, 655-56 (5th Cir. 1992). We then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994); FDIC v. Dawson, 4 F.3d 1303, 1306 (5th Cir. 1993), cert. denied, 114 S. Ct. 2673 (1994). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Under Rule 56(c), the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion and identifying the portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Norman v. Apache Corp., 19 F.3d 1017, 1023 (5th Cir. 1994). If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine

4

issue for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 585-87 (1986); Norman, 19 F.3d at 1023.  The burden on the non-moving party is to do more than simply show that there is some metaphysical doubt as to the material facts.  Matsushita, 475 U.S. at 586.

## III. ANALYSIS

When a state prisoner pursues a § 1983 suit, a district court must consider whether a judgment in favor of the prisoner would imply the invalidity of his conviction.  Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).  Consequently, a § 1983 plaintiff must first demonstrate that a conviction has been invalidated before recovering damages for an allegedly unconstitutional conviction. Id.  A claim based on a conviction that has not been so invalidated is not cognizable under § 1983.  Id.  A parole revocation proceeding concerns the fact and duration of confinement, and, therefore, it must meet the requirements of Heck.  Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (holding that a judgment in favor of a plaintiff on his illegal seizure claim would necessarily imply the invalidity of the revocation of his probation and parole and that Heck therefore applies to parole revocation proceedings).  In the case at bar, Howard remains in custody and he has not alleged that the sentence imposed as a result of his parole revocation proceedings has been invalidated by a state or federal court.  Accordingly, Howard fails to state a § 1983 cause of action for those claims

5

which implicate the validity of his parole revocation.  See Jackson v. Vannoy, 49 F.3d at 177; see also McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (holding that so long as a plaintiff "has not alleged that the sentence imposed as a result of the revocation proceedings has been invalidated by a state or federal court . . . [his] complaint does not state a § 1983 cause of action").

Specifically, Howard's claims against his parole officer, Hammond, for false imprisonment and for malicious prosecution concern the time and duration of his confinement, and thus call into question the validity of his parole revocation.  Because Howard has not demonstrated that his parole revocation has been invalidated, the district court's grant of summary judgment with regard to Hammond was proper.

Howard's claims against Lt. Sparks and Officer Bayuk, however, do not necessarily implicate the validity of his parole revocation.  If a plaintiff's § 1983 action will not implicate the validity of an outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.  Heck, 114 S. Ct. at 2372-73.  In particular, we have held that a claim of unlawful arrest does not necessarily implicate the validity of a criminal prosecution following the arrest.  See Mackey v. Dickson, 47 F.3d. 744, 746 (5th Cir. 1995) (citing United States v. Wilson, 732 F.2d 404, 410 (5th Cir.), cert. denied, 469 U.S. 1099 (1984)).  For example, it is not clear from the record whether

6

Lt. Sparks or Officer Bayuk obtained any evidence as part of their allegedly unlawful arrests which would necessarily implicate Howard's subsequent parole revocation. Thus, Howard's claims against Lt. Sparks and Officer Bayuk may be constitutional violations independent of any claim Howard has regarding his parole revocation. As a consequence, the district court erred in dismissing Howard's claims of unlawful arrest against Lt. Sparks and Officer Bayuk pursuant to Heck. The district court's judgment with regard to Howard's claims against these two defendants is therefore vacated and remanded to the district court for further consideration.

As with Lt. Sparks and Officer Bayuk, the district court erred in dismissing Howard's claim of false arrest against District Attorney Bailey on the basis of Heck. Theoretically, if Bailey were liable for false arrest, it would not necessarily call into question the validity of Howard's parole revocation. Nonetheless, the district court's error is harmless because Bailey, acting in his role of district attorney, is shielded by the doctrine of absolute immunity. Prosecutors are immune from § 1983 suits for acts that are within the scope of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409 (1976). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. McGruder v. Necaise, 733 F.2d 1146, 1148 (5th Cir. 1984); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980). In the case at bar, it is not disputed that Bailey was acting

7

within his role as district attorney.  As a result, the district court's grant of summary judgment in favor of Bailey is affirmed.

Howard also attacks the decisions of both the magistrate judge and the district court to deny him the opportunity to amend his complaint.  Howard complains that he was unable to properly raise his claims of false arrest, false imprisonment, and malicious prosecution.  We review a trial court's denial of leave to amend a complaint for abuse of discretion.  Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).  Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, an amendment must be made by leave of court or consent of the adverse party.  Leave to amend should be freely granted when justice so requires.  Id.  However, we will affirm the denial of a motion to amend when the motion is untimely filed or when amendment would be futile.  Avatar Exploration, Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314, 320 (5th Cir. 1991).  Furthermore, if a complaint as amended is subject to dismissal, leave to amend need not be granted.  Pan-Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 546 (5th Cir. 1980), cert denied, 454 U.S. 927 (1981).

In the case at bar, Howard sought to amend his complaint in order to specify the acts which the defendants allegedly committed against him.  The basis of Howard's claim, however, remains the same in his original complaint and in his amendments; the two police officers and the district attorney are liable for false arrest and false imprisonment, the district attorney is

8

further liable for malicious prosecution, and the parole officer is liable for false imprisonment and malicious prosecution. The amendments Howard sought would be futile as to the charges against Bailey and Hammond since Howard's claims against them are barred. If, however, Howard wishes to further amend his complaint while pursuing his claims against Lt. Sparks and Officer Bayuk, he is free to request the court's leave to do so.

Howard also attacks the district court's failure to conduct a de novo review of his objections to the magistrate judge's report. Under 28 U.S.C. § 636(b)(1)(C):

> [W]ithin ten days after being served with a copy [of the proposed findings and recommendations], any party may serve and file written objections to [the magistrate judge's] proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

From the dates stamped on Howard's objections, it appears that the objections were indeed untimely. A *pro se* plaintiff's written objections to a magistrate judge's report and recommendation are deemed filed, however, when the document is forwarded to prison officials for delivery to the district court. Thompson v. Rasberry, 993 F.2d 513, 513 (5th Cir. 1993). It is not clear from the record exactly when Howard forwarded his objections to the prison officials, nor does the trial court appear to have requested this information from Howard. If, in fact, Howard filed his objections in a timely manner, then the trial court erred in not considering Howard's objections. Any possible error, however, is harmless because, in his objections,

9

Howard fails to raise any new issue of material fact with regard to the defendants. See Smith v. Collins, 964 F.2d 483, 485 (5th Cir. 1992)(applying harmless error analysis when a plaintiff raises no new factual objections to a magistrate's report but merely reurges the same legal arguments raised in his original complaint).

Howard's final issue on appeal concerns the district court's and the magistrate judge's alleged bias against him. Howard claims that this bias is evident in the district court's denial of his motion to amend his complaint and in the failure of both courts to rule on several pending motions. Adverse judicial proceedings, however, will not ordinarily support a claim of bias. See Liteky v. United States, 114 S. Ct. 1147, 1157 (1994). A court's rulings may only support a claim of judicial bias if: (1) they reveal an opinion based on an extrajudicial source; and (2) they demonstrate such a high degree of antagonism as to make fair judgment impossible. Id. Howard does not allege facts which would implicate either exception. Although the district court erred in its reliance on Heck to dismiss some of Howard's claims, such error does not evidence a bias against the plaintiff.

### IV. CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment is REVERSED and REMANDED on Howard's claims against Lt. Sparks and Officer Bayuk. In all other respects, the district court's grant of summary judgment is AFFIRMED.

10