IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50385
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HOMERO MORALES-CANTU,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-94-CA-62
- - - - - - - - - -
(October 17, 1995)
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Homero Morales-Cantu moves for leave to proceed in forma

pauperis (IFP) to appeal the district court's denial of his

motion filed pursuant to 28 U.S.C. § 2255.  Morales has

established that he is a pauper.  He must also show that his

appeal presents a nonfrivolous issue.  Carson v. Polley, 689 F.2d

562, 586 (5th Cir. 1982).

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

After Morales filed objections to the magistrate judge's report and before the district court denied relief, Morales filed a Motion for Leave to Add Ground Number Seven, which is a motion to amend his § 2255 motion to add a double jeopardy claim and related ineffectiveness of counsel claims. The district court did not address those claims and did not rule on the motion to amend.

By neither granting nor denying leave to amend and not addressing the claims made in the proposed amendment, the district court effectively denied Morales leave to amend. We review a denial of leave to amend for abuse of discretion. Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).

Leave to amend is to be freely granted when the interests of justice require. Ashe, 992 F.2d at 542; Fed. R. Civ. P. 15(a). In deciding whether to grant leave to amend, the district court may consider many factors. Ashe, 992 F.2d at 542. The district court should state its reasons for denying leave. In the absence of stated reasons, affirmance is possible if the district court's reasons are apparent. Id. at 542-43. In the instant case, the district court effectively denied leave to amend, and no reasons are apparent in the record.

In the proposed amendment, Morales alleged a violation of the Double Jeopardy Clause. As Morales presented little information and the district court did not address the issue, we cannot determine whether Morales has a meritorious double jeopardy claim. See United States v. Arreola-Ramos, 60 F.3d 188,

191-93 (5th Cir. 1995). Morales's challenge to the effective denial of the motion to amend is meritorious.

Accordingly, we grant IFP and remand for the district court to rule on the Motion for Leave to Add Ground Number Seven and, if granted, to consider the double jeopardy claim.

As briefly discussed below, Morales has not met his burden to show that his other issues have merit. We consider only errors that arguably resulted in a violation of the Constitution or in a complete miscarriage of justice. United States v. Smith, 32 F.3d 194, 196 (5th Cir. 1994).

Morales has not shown how the omission of the testimony of the Gonzalezes prejudiced him in his challenge to the Government's theory that Morales hid the gun under the glove compartment of the car. See Lockhart v. Fretwell, 113 S. Ct. 838, 842 (1993); United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Similarly, Morales has not shown how the omission to introduce road use evidence could have changed the result of his trial. Green, 882 F.2d at 1003. This court has already resolved the search and seizure issues against Morales. United States v. Morales-Cantu, No. 91-8433, slip op. at 8-19 (5th Cir. June 30, 1992) (unpublished). Morales has not shown that this court would have even considered the merits of an ineffectiveness claim on direct appeal. See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).

Morales has not shown that the prosecutor's request that the jury smell the marijuana was anything more than a proper invitation for the jury to make a reasonable inference from the

evidence.  See United States v. Laury, 985 F.2d 1293, 1307 (5th Cir. 1993).  Nor has Morales shown that that request was a comment on his exercise of the right not to testify.  See United States v. Fierro, 38 F.3d 761, 771 (5th Cir. 1994), cert. denied, 115 S. Ct. 1388, 1431 (1995).  Morales did not show that the prosecutor personally vouched for the credibility of the Government's witnesses.  See United States v. Washington, 44 F.3d 1271, 1278 (5th Cir.), cert. denied, 115 S. Ct. 2011 (1995).  All issues not raised on appeal are abandoned.  Hobbs v. Blackburn, 752 F.2d 1079, 1083 (5th Cir.), cert. denied, 474 U.S. 838 (1985).

Morales has appealed the district court's denial of a motion to supplement the record with information purportedly relating to the double jeopardy issue.  In light of the remand ordered herein, the appeal of the denial of the motion to supplement is DISMISSED as moot.

IFP GRANTED; AFFIRMED IN PART, REMANDED IN PART.  Appeal of denial of motion to supplement record is DISMISSED.