**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 30, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41458
Summary Calendar

_____

JOHN RIVES,

Plaintiff-Appellant,

versus

KELLI WARD, Assistant Regional Director;
D. DOUGHTY, Senior Warden; F. REESCANO,
Treatment Warden; M. DABNEY, Captain; J.
BROWN, Correctional Officer; J. LEWIS,
Correctional Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-483
--------------------

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

John Rives, Texas prisoner #603511, appeals the district

court's dismissal of his civil rights action under 42 U.S.C.

§ 1983 as frivolous and for failure to state a claim under 28

U.S.C. § 1915(e)(2).  Rives alleged that his constitutional

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

rights were violated in connection with a prison disciplinary proceeding. Rives' motion to file a corrected brief is GRANTED.

Rives' challenges to his disciplinary proceeding would imply the invalidity of his conviction. As he has not shown that his disciplinary conviction has been overturned or otherwise invalidated, he may not maintain his claim for damages in a 42 U.S.C. § 1983 action. See Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Similarly, he cannot seek injunctive or declaratory relief in this 42 U.S.C. § 1983 action because these claims should be raised in a habeas petition. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc). Finally, the district court did not abuse its discretion in failing to allow Rives to amend his compliant. See Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).

Rives' appeal is without arguable merit and is DISMISSED as frivolous. 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of the appeal as frivolous and the district court's dismissal of Rives' 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim each count as a "strike" under 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Rives is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

MOTION FOR LEAVE TO FILE CORRECTED BRIEF GRANTED; APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.