United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50739
Summary Calendar

SAMUEL G. NEWTON, III; ET AL.,

Plaintiffs,

SAMUEL G. NEWTON, III; LARRY DOUGLAS; DANIEL
JOHNSON; TERRENCE HAZEL; JOSE RIOS; JOE L. BUSTER;
JACKIE HINKLE,

Plaintiffs-Appellants,

versus

A.M. STRINGFELLOW; WILLIAM MOODY; ALFRED MORAN;
PATRICIA A. DAY; MARY BACON; DON B. JONES; JOHN
DAVID FRANZ; CAROL YOUNG; GARY JOHNSON; JANIE
COCKRELL; J.E. (JIMMY) ALFORD; DAVID STACKS;
JEREMIAH DAVIS; GARY GOMEZ,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-618-JN
--------------------

Before BARKSDALE, EMILIO M. GARZA, DENNIS, Circuit Judges.

PER CURIAM:*

Samuel G. Newton, III, Larry Douglas, Daniel Johnson,

Terrence Hazel, Jose Rios, Joe L. Buster, and Jackie Hinkle appeal

the dismissal of their civil rights action filed under 42 U.S.C. §

---

*  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1983 for failure to state a claim upon which relief can be granted. The plaintiffs contend that the district court erred in dismissing their action because the prison policies and conditions they challenged in their complaint violate their constitutional rights. The plaintiffs further contend that the district court erred in denying two motions for leave to amend their complaint and denying a motion for class action maintainability. Plaintiffs Jose Rios and Larry Douglas also argue that the district court erred by severing their claims of retaliation from the instant lawsuit.

The plaintiffs challenged various prison policies, including the newly revised Texas Department of Criminal Justice-Institutional Division Administrative Directive 03.72. The plaintiffs' complaint failed to allege facts demonstrating a constitutional violation. Thus, the district court correctly dismissed the plaintiffs' action for failure to state a claim. *See* Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003). Because the district court did not err in dismissing the plaintiffs' complaint for failure to state a claim, the district court did not err in denying the motion for class action maintainability as moot. Also, the district court did not abuse its discretion in denying the motions for leave to amend because the new claims the plaintiffs sought to add would have been futile. *See* Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1992).

Lastly, the plaintiffs have not shown that the district court abused its discretion in severing the claims of Larry Douglas and

Jose Rios. The facts underlying the severed claims do not arise out of the same occurrences related to the complaints in the instant lawsuit. *See* FED. R. CIV. P. 20(a). Moreover, the events or omissions giving rise to the severed claims occurred in another venue. *See* 28 U.S.C. § 1391(b).

Based on the foregoing, the judgment of the district court is AFFIRMED. The plaintiffs' request for a preliminary injunction is DENIED.