United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————

No. 03-20845

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE L. J. WILSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. H-98-CR-436-1
--------------------

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant George L.J. Wilson appeals the district court's denial of his

application for attorney's fees and other litigation expenses under the so-called Hyde Amendment,

18 U.S.C. § 3006A. Wilson also appeals the denial of his motion for summary relief on his

application. Wilson timely filed his notice of appeal. See United States v. Truesdale, 211 F.3d

898, 904 (5th Cir. 2000); FED. R. APP. P. 4(a)(1)(B).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Wilson argues that the district court's denial of his motion for summary relief violated his rights under the Equal Protection Clause. Wilson contends that his motion should have been granted because the Government failed to file a timely opposition. "A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). Wilson has not shown that the denial of his motion for summary relief violated the Equal Protection Clause. Moreover, because Wilson's motion for summary relief was filed and decided after the district court issued an order denying relief on his application for attorney's fees under the Hyde Amendment, the motion for summary relief was moot. The district court's denial of summary relief is, therefore, AFFIRMED.

Wilson also argues that the district court erred in failing to issue a statement of reasons to support its denial of his application for attorney's fees and other litigation expenses under the Hyde Amendment. "Although an award of attorney's fees, like an award of costs, is committed to the discretion of the trial court and can only be reversed for an abuse of discretion, the trial court must give reasons for its decisions regarding attorney's fees; otherwise, we cannot exercise meaningful review." Schwarz v. Folloder, 767 F.2d 125, 133 (5th Cir. 1985) (internal citation omitted).[1] Because the district court's order does not contain a statement of reasons, we

---

[1] We note that the failure of a district court to assign reasons for a ruling may not constitute a *per se* abuse of discretion demanding remand where the merits of an appellant's claim are easily addressable. See Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 998 (5th Cir. 2001). Without reasons and appropriate factual findings, however, we cannot easily address the merits of Wilson's claim. Without reasons for the denial of attorney's fees, "we do not know whether the decision was within the bounds of its discretion or was based on an erroneous legal theory." Schwarz, 767 F.2d at 133. This is all to say, "remand is the correct remedy where the district court has failed to offer an adequate explanation." Proctor & Gamble Co. v. Amway Corp., 280 F.3d 519, 530 n. 15 (5th Cir. 2002).

VACATE the district court's order denying Wilson's application under the Hyde Amendment and REMAND the matter to the district court for further findings. See id.

In view of the disposition set forth above, we do not address Wilson's arguments that the district court abused its discretion in denying his application under the Hyde Amendment.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.