United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41149
Summary Calendar

MICHAEL O. COLEMAN,

Plaintiff-Appellant,

versus

POLUNSKY UNIT FIELD; UNIVERSITY OF TEXAS
MEDICAL BRANCH, MEDICAL DEPARTMENT,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:04-CV-179
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael O. Coleman, Texas prisoner # 498392, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). He argues that the defendants were deliberately indifferent to his serious medical needs in that they assigned him to work in the fields despite their knowledge that he has insulin dependent diabetes mellitus and very erratic blood glucose levels and that in July 2004, he blacked out while working in the fields

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

due to a blood glucose level of 23. Coleman has not shown that the district court erred in holding that, even if his allegations are accepted as true, he is not entitled to relief because his work assignment was consistent with his medical restrictions. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). Coleman's disagreement with his medical classification does not state a constitutional claim. See Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992). Coleman has not shown that the district court abused its discretion in dismissing his complaint without giving him an opportunity to amend it. See Ashe v. Corley, 992 F.2d 540, 542 (5th Cir. 1993).

Coleman argues for the first time on appeal that his work assignment was made in "retaliation on another issue that [he] cannot prove." Coleman may not raise a new legal theory for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

The district court's dismissal of Coleman's complaint as frivolous and for failure to state a claim under § 1915A(b)(1) counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Coleman is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.