United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20274
Summary Calendar

MARILYN FORD-EVANS

Plaintiff - Appellant

v.

DANIEL SMITH, Individually; UNITED SPACE ALLIANCE LLC

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas, Houston
No. 4:04-CV-3344

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

In this case, we decide whether the district court properly granted defendant-appellant United Space Alliance, LLC summary judgment on plaintiff-appellant Marilyn Ford-Evans's interference claim under the Family and Medical Leave Act. For the reasons stated, we AFFIRM in part, VACATE in part and REMAND for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I. PROCEDURAL HISTORY

Plaintiff-appellant Marilyn Ford-Evans brought this action against her former employer, defendant-appellee United Space Alliance, LLC ("USA"), and against her former supervisor at USA, Daniel Smith.[1]  In her February 7, 2005 amended complaint ("complaint"), Ford-Evans brought claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et. seq., and she also brought a state-law claim for slander.  USA moved for summary judgment, and Ford-Evans did not respond.  The district court granted USA summary judgment, dismissing all of Ford-Evans's claims against it.

Ford-Evans subsequently filed a motion to alter or amend judgment.  In her motion, she did not contest the district court's granting of summary judgment as to her ADA claim, her FMLA retaliation claim, and her slander claim; instead, she asserted that the granting of summary judgment as to her FMLA interference claim was improper because USA had not moved for summary judgment as to this claim.  The district court denied Ford-Evans's motion on the basis that her complaint did not adequately allege FMLA interference.  Ford-Evans timely appealed. She appeals only the district court's grant of summary judgment as to her FMLA interference claim.

---

[1] Smith is not a party to this appeal.

II. DISCUSSION

## A. Standard of Review

We review a grant of summary judgment de novo, applying the same standards as the district court. <u>Riverwood Int'l Corp. v. Employers Ins. of Wausau</u>, 420 F.3d 378, 382 (5th Cir. 2005) (citing <u>Burch v. City of Nacogdoches</u>, 174 F.3d 615, 618 (5th Cir. 1999)). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>see also</u> <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." <u>Little</u>, 37 F.3d at 1075. Only "[i]f the movant . . . meet[s] this burden [must] the nonmovant . . . go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." <u>Id.</u> (emphasis added) (citing <u>Celotex</u>, 477 U.S. at 325). "[E]ven when the non-movant bears the burden of proof at trial, 'simply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating

-3-

material issues of fact as to every element of [her] case.'" Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993) (quoting Russ v. Int'l Paper Co., 943 F.2d 589, 591 (5th Cir. 1991) (per curiam)).  Moreover, "[a] motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule."  United States v. Wilson, 113 F. App'x 17, 18 (5th Cir. 2004) (per curiam) (unpublished opinion) (quoting Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)); see also John v. Louisiana, 757 F.2d 698, 709 (5th Cir. 1985).

**B. Analysis**

USA contends that Ford-Evans did not adequately plead an FMLA interference claim.  But it is clear that in her complaint Ford-Evans put USA on notice that she intended to pursue an FMLA claim not only for retaliation but also for interference.  FMLA's interference provision makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise," any substantive FMLA right.  29 U.S.C. § 2615(a)(1); see also Haley v. Alliance Compressor LLC, 391 F.3d 644, 649 (5th Cir. 2004); Kauffman v. Fed. Express Corp., 426 F.3d 880, 884 (7th Cir. 2005).  In a section of the complaint titled "VIOLATIONS OF FAMILY MEDICAL LEAVE ACT," Ford-Evans alleged that USA "unlawfully interferes, restrains and/or denies

its employees [sic] exercise and/or attempts to exercise rights provided under the [FMLA]." R. 65, Am. Compl. ¶ 14. This language tracks § 2615(a)(1), FMLA's interference provision. The same section of the complaint states that Ford-Evans seeks restoration to the position that she held when her FMLA leave commenced; the right to reinstatement upon return from leave is a right protected by FMLA's interference provision. Haley, 391 F.3d at 649; Kauffman, 426 F.3d at 884.

It is true that the complaint contained a dearth of factual details supporting Ford-Evans's FMLA interference claim. But USA chose not to challenge the sufficiency of her pleadings either in a Rule 12(b)(6) motion to dismiss or in a Rule 12(e) motion for a more definite statement. Instead, USA ignored any pleading inadequacy, even though it knew that Ford-Evans intended to rely upon an FMLA interference theory of recovery.[2]

Although USA moved for summary judgment on all of Ford-Evans's claims, in its motion and brief it addressed only the ADA claims, the FMLA retaliation claim, and the state-law slander claim; it did not attempt to address the FMLA interference claim. With respect to this claim, USA did not discharge its initial burden of informing the court of the basis for its motion and

---

[2] USA's knowledge that Ford-Evans brought an interference claim is evident in the parties' Joint Discovery/Case Management Plan, wherein USA repeatedly acknowledged Ford-Evans's claim for "wrongful denial of medical leave."

pointing to the absence of a genuine issue of material fact;[3] consequently, to survive summary judgment on her interference claim, Ford-Evans was not obligated to respond.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is VACATED to the extent that it dismisses the FMLA interference claim.  In all other respects, the judgment of the district court is AFFIRMED.  The case is REMANDED for further proceedings.  Costs shall be borne by USA.

---

[3] Moreover, the arguments USA made with regard to Ford-Evans's FMLA retaliation claim would not apply to her interference claim.