United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-60495
Summary Calendar

———————————

CARL PORTER,

                            Plaintiff-Appellant,

versus

MARILYN HEMPHIL, Correctional Officer IV, in her individual
capacity; KINTRELL LIDDELL, Medical Director, in his individual
capacity; Doctor JOHN BEARRY, Medical Director, in his individual
capacity; Doctor THOMAS LEHMAN, Medical Doctor, in his individual
capacity; KERRIN FLOWERS, Nurse, in her individual capacity,

                            Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:06-CV-7
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

     Carl Porter, Mississippi prisoner # R7051, filed a motion to
proceed in forma pauperis (IFP) on appeal challenging the
district court's certification that his appeal was not taken in
good faith pursuant to Baugh v. Taylor, 117 F.3d 197 (5th Cir.
1997).  His motion for appointment of counsel is denied.

     Porter argues that the district court erred in dismissing
his complaint.  He argues that the defendant Hemphil acted with

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deliberate indifference to his medical needs and that the district court should have given him the opportunity to amend his complaint if it was deficient. He also argues that he attempted to exhaust all administrative remedies. This court's inquiry into Porter's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983)(citation omitted).

Porter argues on appeal that his claim against Medical Directors Bearry and Liddell is limited to their failure to send him to a specialist and to change his pain medication. He admits that they did not deny him medical treatment. Porter's allegation of disagreement with these doctors' medical treatment of his condition is not sufficient to state a claim against Bearry and Liddell. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

If Porter's allegations against the defendant Hemphil are accepted as true, they were sufficient to state a claim of deliberate indifference. See Ashe v. Corley, 992 F.2d 540, 544 (5th Cir. 1993). The district court prematurely dismissed the claim against Hemphil without a further factual development of the underlying facts. See Eason v. Thaler, 19 F.3d 8, 9-10 (5th Cir. 1994).

In light of a recent Supreme Court opinion, the district court also erred in dismissing the claims against Dr. Lehman and

Nurse Flowers for failure to exhaust administrative remedies because the lack of exhaustion is an affirmative defense that need not be pleaded in a prisoner's complaint and Porter's complaint did not establish a failure to exhaust.  See <u>Jones v. Bock</u>, 127 S. Ct. 910, 920-21 (2007); <u>Aquilare-Avellaveda v. Terrell</u>, 478 F.3d 1223, 1225-26 (10th Cir. 2007).  Porter's allegations that Lehman and Flowers deliberately caused him unnecessary pain were sufficient to state a claim of deliberate indifference.

Because Porter has raised nonfrivolous claims against Hemphil, Lehman, and Flowers, his appeal has arguable merit.  His motion to proceed IFP is granted, the judgment of the district court with respect to those defendants is vacated and the case is remanded for further proceedings.  The judgment is affirmed with respect to the dismissal of the claims against Doctor Bearry and Doctor Liddell.

IFP GRANTED; APPOINTMENT OF COUNSEL DENIED; JUDGMENT AFFIRMED IN PART, VACATED IN PART; CASE REMANDED.