# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2013

No. 12-50368
Summary Calendar

Lyle W. Cayce
Clerk

WILLIE KEITH JACKSON,

Plaintiff-Appellant

v.

JUAN HERNANDEZ, Automotive Worker Supervisor, Federal Correctional
Institution La Tuna; A MARTINEZ, Factory Manager, Federal Correctional
Institution La Tuna; ARTURO BORREGO, Superintendent of Industries,
Federal Correctional Institution La Tuna; MR. PARKER, Unit 3 Counselor,
Federal Correctional Institution La Tuna; MRS. ALLARD, Unit 1 Counselor,
Federal Correctional Institution La Tuna; H WATT, Administrative Remedy
Coordinator, Federal Bureau of Prisons Central Office,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CV-97

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Willie Jackson, federal prisoner # 15063-006, appeals the dismissal of a

civil rights action in which he sued employees of UNICOR prison industries and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

others for due process violations resulting from disciplinary actions. He also contends that the district court should have allowed him to amend his complaint with a claim of asbestos exposure under the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. § 1346. By lack of briefing, he has abandoned any contention that the district court should have allowed him to amend his complaint with a due process claim arising from another disciplinary incident. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Jackson's contention that his original claims allege negligence under the FTCA rather than civil rights violations is frivolous because he alleges due process violations, not state-law torts. *See* § 1346(b)(1); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971); *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *see also Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995). The district court properly dismissed these civil rights claims because Jackson failed to exhaust his administrative remedies by properly completing all the steps in the administrative grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 84, 95 (2006); *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001). Jackson failed to perfect a timely appeal in one administrative proceeding, and he withdrew another request for administrative relief in exchange for being restored to his UNICOR job.

We review for abuse of discretion the district court's denial of leave to amend the complaint by adding the FTCA claim of asbestos exposure. *See Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993). The facts of the FTCA claim are wholly unrelated to the original claims, and the only proper FTCA defendant is the United States, which could not be sued in the original action. *See Affiliated Professional*, 164 F.3d at 286; *McGuire v. Turnbo*, 137 F .3d 321, 324 (5th Cir. 1998). The district court did not abuse its discretion because the new allegation was unrelated to the original complaint and was directed to a party who was not a defendant. *See Joseph v. Deputy Barlett*, 37 F.3d 633, 1994 WL 558968, *4 (5th

Cir. Sep. 30. 1994); *cf.* 5TH CIR. RULE 47.5.3 ("Unpublished opinions issued before January 1, 1996 are precedent.").

Moreover, Jackson's sole remedy for his work-related asbestos-exposure claim was under the Inmate Accident Compensation Act rather than the FTCA. *See Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980). Adding his FTCA claim would therefore have been futile because it would have been subject to dismissal. *See Ashe*, 992 F.2d at 542. Even if we assume that Jackson had a cognizable FTCA claim, adding the United States as the defendant regarding an unrelated claim would have been futile because the United States could have been severed sua sponte as improperly joined. *See* Rules 20 and 21 of the Federal Rules of Civil Procedure.

The judgment of the district court is AFFIRMED. Jackson's motion for leave to file a late reply brief is DENIED. *See* 5TH CIR. RULE 31.4.4. We note nonetheless that we have reviewed the proposed reply brief and find it would not have made any difference to our decision.