# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-40449
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2026

Lyle W. Cayce
Clerk

Houhe Zeng,

*Plaintiff—Appellant*,

*versus*

Owner of 8020 Quartz Lane; FirstKey Homes, L.L.C.,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:25-CV-91

————————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Houhe Zeng, a litigant proceeding *pro se*, filed suit against her landlord and property management company alleging violations of the Fair Housing Act (FHA) and the Texas Property Code. Specifically, Zeng alleges her olfactory impairment affected her ability to detect apartment odors and that the Defendants discriminated against her by refusing to make requested

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40449

repairs, including replacing moldy carpet and air conditioning filters. After granting Zeng leave to amend her complaint to cure its deficiencies, the district court dismissed her suit under Federal Rule of Civil Procedure 12(b)(6).[1] She appeals the dismissal and challenges the denial of her motion to recuse or disqualify the district judge.

We review the district court's dismissal de novo. *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019). The FHA outlaws discriminating "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). Plaintiffs must allege facts to demonstrate a causal connection between the alleged discrimination and the disability. *See Inclusive Cmtys. Project*, 920 F.3d at 903. As Zeng did not plead specific facts showing a causal link between the alleged failure to make repairs and her purported disability, she has failed to establish causality for purposes of discrimination under the FHA, as we persuasively explained in *Mason v. Integra Peak Mgmt. Inc.*, 821 F. App'x 382, 383 (5th Cir. 2020).

Zeng argues that Defendants implemented exploitative practices nationwide to silence tenants. These claims were not raised in her amended complaint, and to the extent her later-filed letter alleging them could be construed as a motion to amend her complaint, the district court did not abuse its discretion by denying it because Zeng lacks standing to bring such a claim. *See NAACP v. City of Kyle*, 626 F.3d 233, 237 (5th Cir. 2010); *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993). She has abandoned any challenge to the ruling on her state law claims by failing to identify any error in the

---

[1] Zeng argues that the district court erred by enforcing a settlement agreement. This argument is meritless because the district court did not enforce a settlement agreement; it dismissed the suit for failure to state a claim.

court's analysis.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the denial of the motion to recuse or disqualify for abuse of discretion. *United States v. Scroggins*, 485 F.3d 824, 829 (5th Cir. 2007).  As for her recusal motion, the judge's adverse rulings are insufficient to show judicial bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).  Zeng has failed to show that the denial of her motion to recuse was an abuse of discretion because, apart from the court's rulings, Zeng does not identify other evidence suggesting bias or deep-seated favoritism or that a reasonable person would otherwise doubt the judge's impartiality. *See id.*; *United States v. Brocato*, 4 F.4th 296, 304 (5th Cir. 2021).

The judgment of the district court is AFFIRMED.  Zeng's motion for summary disposition, to expedite the appeal, and to reassign the case in the event of a remand is DENIED.